UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RACHEL BEVERLY, mother and next friend of A.B., a minor child; DEJA GREEN, mother and next friend of T.M., a minor child; and JILIAN STILLWELL, mother and next friend of J.B., a minor child; | Case No. |
| Plaintiffs, | Judge |
| vs. | Magistrate Judge |
| CHRISTINA ERICH; TAMARA LITTLEJOHN; and CHICAGO BOARD OF EDUCATION; | Trial by Jury Demanded |
| Defendants. | |

**COMPLAINT AT LAW**

NOW COME the Plaintiffs, Rachel Beverly, mother and next friend of A.B., a minor child; Deja Green, mother and next friend of T.M., a minor child; and Jilian Stillwell, mother and next friend of J.B., a minor child, by and through their attorney, David S. Lipschultz, and in support of their Complaint at Law against the Defendants, Christina Erich, Tamara Littlejohn, and Chicago Board of Education, state as follows:

JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution; 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiffs, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1343, §1331 and §1367.

1

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

## THE PARTIES

4. Plaintiff Rachel Beverly (hereinafter "Beverly) is the mother, legal guardian and next friend of her minor child, a daughter whose name is abbreviated as A.B. (hereinafter "A.B."). Beverly is a resident of Cook County and this judicial district.

5. Plaintiff Deja Green (hereinafter "Green") is the mother, legal guardian and next friend of her minor child, a son whose name is abbreviated as T.M. (hereinafter "T.M."). Green is a resident of Cook County and this judicial district.

6. Plaintiff Jilian Stillwell (hereinafter "Stillwell") is the mother, legal guardian and next friend of her minor child, a son whose name is abbreviated as J.B. (hereinafter "J.B."). Stillwell is a resident of Cook County and this judicial district.

7. Defendant Christina Erich ("Erich") was, at all times relevant to this Complaint, a teacher at Carter G. Woodson South Elementary School ("Woodson"), and a Board employee.

8. Defendant Tamara Littlejohn ("Littlejohn") was, at all times relevant to this Complaint, the principal at Carter G. Woodson South Elementary School ("Woodson"), and a Board employee.

9. Defendant Chicago Board of Education (hereinafter "Board") is a governing body responsible for the operation and oversight of the Chicago Public Schools, including Woodson. Board is liable for its acts and omissions and the acts and omissions of its employees, agents, contractors and servants, including Erich and Littlejohn.

ALLEGATIONS OF FACTS

10. On March 18, 2024, A.B., T.M, and J.B. were students in a classroom at Woodson, located at 4414 S. Evans Avenue, in Chicago, Illinois.

8. On this day, Erich was the teacher of A.B., T.M. and J.B.

9. At approximately 12:00 p.m., Erich placed duct tape on A.B.'s mouth. Later, Erich forcefully ripped the duct tape off from A.B.'s mouth.

10. At approximately the same time, Erich placed duct tape on T.M.'s mouth. Later, Erich forcefully ripped the duct tape off from T.M.'s mouth. Prior to this date, in September 2023, Erich forcefully pulled T.M.'s hair.

11. On March 18, 2024, at approximately 12:00 p.m., Erich placed duct tape on J.B.'s mouth. Later, Erich forcefully ripped the duct tape off from J.B.'s mouth. Prior to this date, Erich pinched J.B.'s ear, hit him on his head and hit him with a ruler.

12. Erich was on duty and acting within the scope of her employment at all times relevant to this complaint.

13. Prior to March 18, 2024, Littlejohn was aware of Erich committing physical abuse against T.M. and other Woodson students.

14. Teaching, controlling and, when necessary, gently, properly and lawfully disciplining A.B., T.M. and J.B. constitute conduct Erich is employed by Board to perform. However, discipline, even properly administered discipline, was never warranted against A.B., T.M. and J.B.

15. Erich's conduct occurred within the time and space limits of her employment with Board.

16. Erich conducted herself in this manner with the purpose of serving Board.

17. As a direct result of Erich's acts and omissions, A.B., T.M. and J.B. suffered physical injuries, psychological and emotional trauma, and other damages.

18. Training, supervising and disciplining Erich constitute conduct Littlejohn is employed by Board to perform.

19. Littlejohn's failure to train, supervise and discipline Erich occurred within the time and space limits of her employment with Board.

20. Littlejohn conducted herself in this manner with the purpose of serving Board.

21. As a direct result of Littlejohn's acts and omissions, A.B., T.M. and J.B. suffered physical injuries, psychological and emotional trauma, and other damages.

## COUNT I
## SECTION 1983 EXCESSIVE FORCE
## AGAINST DEFENDANT CHRISTINA ERICH

22. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 21.

23. The force used by Erich against A.B., T.M. and J.B. constituted excessive force in violation of the A.B., T.M. and J.B.'s Fourth Amendment Rights of the U.S. Constitution and 42 U.S.C. §1983.

24. The force used by Erich against A.B., T.M. and J.B. was objectively unreasonable and excessive, and was undertaken intentionally, with malice, and with reckless indifference to A.B., T.M. and J.B.'s constitutional rights.

25. As a direct and proximate result of this unjustified and excessive use of force, A.B., T.M. and J.B. suffered injuries including, but not limited to, physical injuries, pain and suffering, emotional anguish, humiliation, and monetary loss and expenses.

WHEREFORE, the Plaintiffs, Rachel Beverly, mother and next friend of A.B., a minor child; Deja Green, mother and next friend of T.M., a minor child; and Jilian Stillwell, mother and next friend of J.B., a minor child, pray for judgement against Christina Erich for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

COUNT II<br>
SECTION 1983 FAILURE TO PROTECT<br>
AGAINST DEFENDANT TAMARA LITTLEJOHN

26. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 21.

27. There was a strong likelihood that A.B., T.M. and J.B. would be seriously harmed as the result of an assault by Erich.

28. Littlejohn was aware of the strong likelihood that Plaintiff would be seriously harmed as the result of an assault by Erich.

29. Littlejohn consciously failed to take reasonable measures to prevent Erich's assaults.

30. A.B., T.M. and J.B. would not have been harmed if Littlejohn had taken reasonable measures.

31. Littlejohn acted under color of law.

WHEREFORE, the Plaintiffs, Rachel Beverly, mother and next friend of A.B., a minor child; Deja Green, mother and next friend of T.M., a minor child; and Jilian Stillwell, mother and next friend of J.B., a minor child, pray for judgement against Tamara Littlejohn for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT III
## ILLINOIS LAW - ASSAULT AND BATTERY
## AGAINST DEFENDANT CHRISTINE ERICH

32. Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 21.

33. Erich assaulted and battered A.B., T.M. and J.B. when, without lawful authority, she knowingly engaged in conduct which places another in reasonable apprehension of receiving a battery.

34. Erich intended to cause a harmful or offensive contact with A.B., T.M. and J.B.

35. Erich actually made the harmful and unauthorized physical contact with A.B., T.M. and J.B.

36. A.B., T.M. and J.B. were injured.

37. Erich's actions caused the A.B., T.M. and J.B. injuries.

WHEREFORE, the Plaintiffs, Rachel Beverly, mother and next friend of A.B., a minor child; Deja Green, mother and next friend of T.M., a minor child; and Jilian Stillwell, mother and next friend of J.B., a minor child, pray for judgment against the Defendant, Christina Erich, for compensatory damages, the costs of this action, and such other and additional relief as this Court deems equitable and just.

## COUNT IV
## ILLINOIS LAW – WILLFUL AND WANTON CONDUCT
## AGAINST DEFENDANTS CHRISTINA ERICH AND TAMARA LITTLEJOHN

38. Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 21.

39. Erich and Littlejohn's actions showed actual or deliberate intention to harm or an utter indifference to or conscious disregard for A.B., T.M. and J.B.'s own safety and the safety of others.

40. Erich and Littlejohn's willful and wanton conduct caused the A.B., T.M. and J.B.'s injuries.

WHEREFORE, the Plaintiffs, Rachel Beverly, mother and next friend of A.B., a minor child; Deja Green, mother and next friend of T.M., a minor child; and Jilian Stillwell, mother and next friend of J.B., a minor child, pray for judgment against the Defendants, Christina Erich and Tamara Littlejohn, for compensatory damages, the costs of this action, and such other and additional relief as this Court deems equitable and just.

## COUNT V
## ILLINOIS LAW – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT CHRISTINA ERICH

41. Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 21.

42. Erich intentionally inflicted emotional distress upon A.B., T.M. and J.B. when she committed the acts described above.

43. Erich's conduct against such young and small children was extreme and outrageous.

44. Erich knew there was a high probability that this conduct would cause emotional distress to A.B., T.M. and J.B.

45. As the direct result of Erich's unlawful conduct, A.B., T.M. and J.B. suffered damages.

WHEREFORE, the Plaintiffs, Rachel Beverly, mother and next friend of A.B., a minor child; Deja Green, mother and next friend of T.M., a minor child; and Jilian Stillwell, mother and next friend of J.B., a minor child, pray for judgment against the Defendant, Christina Erich, for compensatory damages, the costs of this action, and such other and additional relief as this Court deems equitable and just.

## COUNT VI
## ILLINOIS LAW - INDEMNIFICATION - 745 ILCS 10/9-102
## AGAINST CHICAGO BOARD OF EDUCATION

46. Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 45.

47. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities (745 ILCS 10/9-102).

48. At all times relevant to this incident, Defendants Erich and Littlejohn, were employees of Board, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, the Plaintiffs pray that should this Court enter judgment in their favor and against Defendant Christina Erich and/or Defendant Tamara Littlejohn, the Chicago Board of Education will be ordered to pay the Plaintiffs any judgment for compensatory damages obtained against Defendants.

## COUNT VII
## ILLINOIS CLAIM - RESPONDEAT SUPERIOR
## AGAINST DEFENDANT CHICAGO BOARD OF EDUCATION

49. Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 45.

50. The state law violations claimed herein were committed by Defendants Erich and Littlejohn in the scope of their employment with Defendant City Colleges.

51. As a result of the unlawful actions of Erich, A.W. was injured.

52. Board, as principal, is liable for the actions of its employees, Erich and Littlejohn, pursuant to the doctrine of *respondeat superior* for the state law claims set forth in this action.

WHEREFORE, the Plaintiffs pray that should this Court enter judgment in their favor and against Defendant Christina Erich and/or Defendant Tamara Littlejohn, the Chicago Board of Education will be ordered to pay the Plaintiffs any judgment for compensatory damages obtained against Defendants.

## JURY DEMAND

Plaintiffs seek trial by jury.

Respectfully submitted,

/s/ *David S. Lipschultz*

David S. Lipschultz
Atty No. 6277910
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com